**AMOCO OIL COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMIS-SION, Respondent.**

No. 76–1220.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1976.

Decided Dec. 27, 1976.*

Jerry M. Gross, Chicago, Ill., for petitioner.

Stephen A. Bokat, U. S. Dept. of Labor, Michael H. Levin, Washington, D. C., for respondent.

Before HASTINGS, Senior Circuit Judge, MOORE, Senior Circuit Judge ** and SPRECHER, Circuit Judge.

MOORE, Senior Circuit Judge.

Amoco Oil Company, petitioner, petitions for review of a decision of the Occupational Safety and Health Review Commission, respondent (the Commission), holding that petitioner has failed to comply with 29 CFR 1910.106(g)(1)(i)(a) [1] or, more understandably, has an above-ground gasoline dispensing tank with a capacity in excess of 60 gallons at petitioner's shop storage house in violation of said regulation. A violation citation originally issued on June 21, 1973 and a hearing was held before an administrative law judge on January 31, 1974. From an adverse decision petitioner appealed to the Commission which, two to one, affirmed on February 3, 1976.

Petitioner operates a refinery at Whiting, Indiana. In connection with work performed there, petitioner's employees use gasoline-powered fork lifts. Within its plant and to enable its employees, on a self-service basis, to refuel their fork lifts, petitioner maintains a 250 gallon gasoline tank above ground. The tank is not used by, or accessible to, the public.

The sub-section charged to have been violated is "(g) Service stations". Although both parties have endeavored to create issues, some quite irrelevant, which they believe that they can best defend or demolish, for all practical and decisional purposes there is, in our opinion, but a single issue, namely, is this lone gasoline tank on petitioner's premises used only by petitioner's

---

* This appeal was originally decided by unreported order on December 27, 1976. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

** Honorable Leonard P. Moore, Senior United States Circuit Judge for the Second Circuit, is sitting by designation.

1. 29 CFR 1910.106(g)(1)(i)(a) reads as follows:
   Liquids shall be stored in approved closed containers not exceeding 60 gallons capacity, in tanks located underground, in tanks in special enclosures as described in subsection (ii) of this sub-paragraph, or in aboveground tanks as provided for in subparagraphs 4(ii), (b), (c) and (d) of this paragraph.

employees for petitioner's purposes a "service station". In making this determination, it is unnecessary to find that "a petroleum refining plant is [not] an automotive service station" (which obviously it is not); that section 1040 of the NFPA Flammable and Combustible Liquids Code is cross-referenced in § 1910.178(f)(1) [2] [existing installations may be continued unless hazardous and notice thereof given]; that a no-accident record is material; or whether § 1910.-178 is more specific than § 1910.-106(g)(1)(i)(a). The various sections, subsections, paragraphs and subparagraphs all have a single commendable purpose—safety and protection from injury from "Flammable and Combustible Liquids", § 1910.106. Undoubtedly the draftsman of this section believed that to the American motoring public a "service station" had become a well-recognized term—an oasis on a highway where a tank-full of gasoline could be obtained, a windshield blade replaced, and not infrequently a place used for sustenance and other important purposes. Under these circumstances it would be highly important that the potentially explosive region of the service station conform to the best safety measures.

It should not require a quotation from Webster's Third New International Dictionary, Unabridged (Brief of Petitioner at 5) to tell the court that a service station is "a place at which some service is offered". At the time Noah Webster created his first dictionary the gas engine was probably in the pre-invention stage. Quite apart from constitutional limitations, Congress or administrative agencies could have prohibited any person or corporation from having on their property any tank above the ground containing any combustible gas or liquid. They have not done so but have chosen to specify various plants including service stations. We cannot hold under the facts presented here that a solitary tank located on petitioner's premises, and used as above described, constitutes a service station.

**2.** 29 CFR 1910.178(f)(1) reads as follows:
The storage and handling of liquid fuels such as gasoline and diesel fuel shall be in accord-

The Review Commission's decision is set aside and the citation is dismissed.

ance with NFRA Flammable and Combustible Liquids Code (NFPA No. 30–1969).